```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                          TRENTON VICINAGE
```

| | |
|---|---|
| ROBERT FERRANTE and DORREN FERRANTE, | Hon. Mary L. Cooper, U.S.D.J. |
| Plaintiffs, | Hon. Lois H. Goodman, U.S.M.J. |
| v. | Civil Action No. 3:16-cv-03496-MLC-LHG |
| COUNTY OF MONMOUTH; MONMOUTH COUNTY PROSECUTOR'S OFFICE; MANASQUAN BOARD OF EDUCATION; MANASQUAN HIGH SCHOOL; NEW JERSEY MOTOR VEHICLE COMMISSION; STATE OF NEW JERSEY; THE PATCH; RICHARD ROE PUBLISHER; ABC PUBLISHING COMPANY; JOHN/JANE DOES, (1-100), XYZ COS. (1-10), | (Electronically Filed) |
| Defendants. | |

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) ON BEHALF OF DEFENDANTS STATE OF NEW JERSEY AND NEW JERSEY MOTOR VEHICLE COMMISSION**

---

> CHRISTOPHER S. PORRINO
> Attorney General OF NEW JERSEY
> R.J. Hughes Justice Complex
> P.O. Box 116
> Trenton, New Jersey 08625
> (609) 984-4898
> Ashley.Costello@lps.state.nj.us
> Attorney for Defendants,
> New Jersey Motor Vehicle Commission
>  and State of New Jersey

Ashley L. Costello (107192015)
Deputy Attorney General

**PRELIMINARY STATEMENT**

The Court should dismiss with prejudice Plaintiffs' Complaint against Defendants New Jersey Motor Vehicle Commission and State of New Jersey for failure to state a claim upon which relief can be granted. Plaintiffs' Complaint against Defendants State of New Jersey and New Jersey Motor Vehicle Commission, ("NJMVC"), must be dismissed with prejudice as Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity, and are not "persons" amenable to suit under 42 U.S.C. § 1983. The Plaintiffs' Complaint must also be dismissed with prejudice, because Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity and are not "persons" amendable to suit under the New Jersey Civil Rights Act.

Additionally, insofar as Count Four of Plaintiffs' Complaint attempts to allege a claim against Defendants State of New Jersey and NJMVC for negligence under the New Jersey Tort Claims Act, the Plaintiffs' Complaint must be dismissed with prejudice as Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity, and as Plaintiffs' Complaint fails to state a claim against Defendants State of New Jersey and NJMVC under the New Jersey Tort Claims Act. In sum, Plaintiffs' Complaint must be dismissed with prejudice as Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity and as Plaintiffs' Complaint fails to state a cognizable cause of

action against Defendants State of New Jersey and NJMVC.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

Plaintiffs' Complaint in this matter was filed on September 3, 2015 in the Superior Court of New Jersey, Law Division Monmouth County, entitled: <u>Robert Ferrante, et al. v. New Jersey Motor Vehicle Commission, et al.</u>, bearing Monmouth County Docket Number MON-L-3330-15. (<u>See</u> Exhibit A). In their Complaint Plaintiffs allege that on September 18, 2013, Plaintiff Robert Ferrante became aware that his photograph was depicted in the "Faces of Heroin" section of a pamphlet concerning the dangers of heroin use that was allegedly utilized and distributed to students in a presentation at Manasquan High School and was subsequently made available on the internet. Plaintiffs allege that the photo of Robert Ferrante was a driver's license photo that was obtained from the Motor Vehicle Commission, without his permission.  Plaintiffs' Complaint alleges a violation of their federal civil rights under 42 U.S.C. 1983, their civil rights under the New Jersey Constitution, and a claim for negligence based upon the alleged release and use of the photograph of Plaintiff Robert Ferrante.

On June 16, 2016, State Defendants filed a Notice of Removal, seeking to remove this matter to Federal Court. (Dkt. 1). The matter was subsequently assigned Civil Docket No. 3:16-cv-03496-

---

[1] The Procedural History and Statement of Facts have been combined to avoid repetition, as they are closely related, and for the court's convenience.

2

MLC-LHG. On June 23, 2016, State Defendants filed an Application for a fourteen-day Clerk's Extension, which was granted on the same day. (Dkt. 4). On July 7, 2016, State Defendants filed a Motion to Extend Time to Answer. (Dkt. 6). On August 18, 2016, the court granted the State Defendants Motion to Extend Time to Answer or otherwise plead, making State Defendants' response to Plaintiffs' Complaint due September 18, 2016. (Dkt. 9).

State Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, now follows.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the courts must accept as true the factual allegations in the complaint and construe any inferences to be drawn from those allegations in Plaintiff's favor. See Philips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal citation omitted); Gross v. German Found. Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 2384 (2009). A court may consider the complaint along with exhibits attached to the complaint when reviewing a 12(b)(6) motion to dismiss. See Pension Benefit Gaur. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

3

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need "detailed factual allegations" it must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A pleading which simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id. A complaint must also state more than "naked assertions" which are devoid of "further factual enhancement." Id. A pro se complaint should be construed more indulgently than a complaint drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

In order for a claim to survive a 12(b)(6) motion to dismiss it must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim becomes facially plausible when, based on the factual content of the pleading, the court could draw a reasonable inference that the defendant is liable. Id. (quoting Twombly, 550 U.S. at 556). The plausibility standard requires more than simply a sheer possibility that a defendant has acted unlawfully. Id. Accordingly, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[factual allegations must be enough to raise a right to relief above the

4

speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." Twombly, 550 U.S. at 555.

## ARGUMENT

### POINT I

**PLAINTIFFS' COMPLAINT MUST BE DISMISSED WITH PREJUDICE AS DEFENDANTS STATE OF NEW JERSEY AND NJMVC ARE NOT "PERSONS" UNDER 42 U.S.C. 1983 AND ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY.**

Plaintiffs' Complaint against Defendants State of New Jersey and NJMVC must be dismissed with prejudice as Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity, and are not "persons" amenable to suit under 42 U.S.C. § 1983. 42 U.S.C. § 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. Will v. Mich. Dep't of State Police, 491 U.S. 58, 60 (1989). As a matter of statutory construction, a state is not a "person" within the meaning of 42 U.S.C. § 1983. Id. at 64-65.

Moreover, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. Id. at 71, (quoting Brandon v. Holt, 469 U.S. 464, 471 (1985)). As such, a suit against a state official in his or her official capacity is no different from a

5

suit against the State itself, and the state official in his or her official capacity is also not a "person" amenable to suit under 42 U.S.C. § 1983. Id.

The doctrine of sovereign immunity also protects states from liability under § 1983, as well as state agencies and state officials being sued in their official capacity. Will, 491 U.S. at 71. Plaintiffs may not circumvent sovereign immunity by simply suing state officials or agencies, as in either instance the state itself ultimately bears the financial burden. Pennshurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).

The prohibition against naming a state as a defendant derives from the Eleventh Amendment of the United States Constitution, which precludes federal jurisdiction over a state absent the state's consent to suit. Id. at 99. 42 U.S.C. 1983 was not intended to abrogate the traditional sovereign immunity of the states, and thus, absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court which names the state as a defendant. Snyder v. Baumecker, 708 F. Supp. 1451, 1453 (D.N.J. 1989). This jurisdictional bar applies regardless of whether the relief sought against a state is monetary or injunctive in nature. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Furthermore, "a *state agency* is entitled to immunity from suit in federal court under the Eleventh Amendment when a judgment

6

against it would have had essentially the same practical consequences as a judgment against the State itself." Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 658 (3rd. Cir.), cert. denied, 493 U.S. 850 (1989) (quoting Lakes Country Estates Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 401 (1979))(emphasis added). In deciding whether a state agency is immune from suit, the most significant factor is whether or not any damage award against the agency would be paid from the state coffers. Hess v. Port Authority Trans-Hudson Corp., 633 U.S.L.W. 4009, 4015 (U.S. October 3, 1994).

The New Jersey Motor Vehicle Commission is a state agency and an arm of the State of New Jersey. See N.J.S.A. 39:2A-4 (establishing the New Jersey Motor Vehicle Commission in the Executive Branch of the New Jersey state government, and as an instrumentality of the State of New Jersey, exercising public and essential governmental functions of the State of New Jersey); see also Islam v. City of Bridgeton, 804 F. Supp. 2d 190, 195 (D.N.J. 2011) (noting that the New Jersey Motor Vehicle Commission is a state agency of the State of New Jersey).

In the present case, Plaintiffs' Complaint contains only conclusory allegations that Plaintiff's constitutional rights were violated by Defendants State of New Jersey and NJMVC. Plaintiffs' Complaint states only naked assertions that Defendants State of New Jersey and NJMVC violated Plaintiffs' Civil Rights by

7

psychologically attacking Plaintiffs, falsely accusing Plaintiffs, and treating Plaintiffs in a discriminatory manner, which are devoid of any factual enhancement. Plaintiffs' Complaint also fails to identify the specific rights that Defendants State of New Jersey and NJMVC violated. As Plaintiffs' Complaint contains only conclusory allegations, devoid of any factual assertions as to Defendants State of New Jersey and NJMVC, it must be dismissed for failure to state a claim.

However, even assuming <u>arguendo</u> that Plaintiffs' Complaint can be construed to assert claims against Defendants State of New Jersey and NJMVC, such claims are barred by Sovereign Immunity and should be dismissed with prejudice because Defendants State of New Jersey and NJMVC are entitled to immunity from suit under Eleventh Amendment Sovereign Immunity. Plaintiffs' Complaint must also be dismissed with prejudice because Defendants State of New Jersey and NJMVC are not "persons" amenable to suit under 42 <u>U.S.C.</u> § 1983.

### POINT II

**PLAINTIFFS' COMPLAINT MUST BE DISMISSED WITH PREJUDICE BECAUSE DEFENDANTS STATE OF NEW JERSEY AND NJMVC ARE ENTITLED TO SOVEREIGN IMMUNITY AND ARE NOT "PERSONS" AMENABLE TO SUIT UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-2(c).**

The Plaintiffs' Complaint must be dismissed with prejudice, because Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity and are not "persons"

8

amendable to suit under the New Jersey Civil Rights Act. The New Jersey Civil Rights Act ("NJCRA"), which is modeled after Section 1983, affords parties asserting a deprivation of a constitutionally protected right the opportunity to bring a civil action for damages and injunctive or other relief. N.J.S.A. § 10:6-2(c); see also Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (finding that the District of New Jersey has "repeatedly interpreted [the NJCRA] analogously to § 1983"). Like 42 U.S.C.S. § 1983, the plain language of the New Jersey Civil Rights Act imposes liability on any "person" who violates a plaintiff's civil rights under color of law. Didiano v. Balicki, 488 F. App'x 634, 635 (3d Cir. 2012).

> In particular, the NJCRA provides in relevant part that:
>> Any person who has been deprived of any . . . rights . . . secured by the Constitution or laws of the United States, or . . . by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by **a person** acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. N.J.S.A. § 10:6-2(c) (emphasis supplied).

Interpreting the comparable language of § 1983, the Supreme Court has held that the States, arms of the States, and state officials acting in their official capacities, are not "persons" within the meaning of the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Indep. Enters. Inc. v. Pittsburgh

9

Water & Sewer Auth., 103 F.3d 1165 (3d Cir. 1997) (a political subdivision of the state is not a "person" within the meaning of § 1983 if it is effectively an "arm of the State" for Eleventh Amendment purposes).

"Analogously, the NJCRA cannot be interpreted to include the State of New Jersey. This is particularly true in light of the statutory definition of 'person' set forth in N.J.S.A. 1:1-2 that excludes the State as a 'person' except 'when used to designate the owner of property which may be the subject of an offense.'" Didiano v. Balicki, 488 F. App'x 634, 635 (3d Cir. 2012). In other words, the statutory definition explicitly excludes the State from the definition of a "person" under N.J.S.A. 1:1-2, and states that the word "person" shall include the State of New Jersey only in the limited circumstance of certain property disputes. Didiano v. Balicki, 488 F. App'x 634, 635-38 (3d Cir. 2012). "Thus, New Jersey has provided its own definition of the word 'person,' and that definition does not include the State or defendants which are the functional equivalent of the State." Didiano v. Balicki, 488 F. App'x 634, 635-38 (3d Cir. 2012).

In Endl v. State, 5 F. Supp. 3d 689, 693 (D.N.J. 2014), the survivors of a deceased prison inmate brought suit against the State, the New Jersey Department of Corrections, and the University of Medicine and Dentistry of New Jersey, claiming constitutional

10

violations and seeking redress under Section 1983 and the NJCRA. Citing Will, the court in Endl held:

> "A state is not considered a 'person' for purposes of Section 1983 because it is protected by sovereign immunity. . . . The same sovereign immunity reasoning has been applied to claims for damages against the state and its entities pursuant to the NJCRA. NJCRA is construed nearly identically to Section 1983. In particular, the definitions of "person" under the two statutes have been interpreted in parallel.
> [*Id.* at 697 (citations omitted).]

Thus, it is clear that the State is not amenable to suit under the NJCRA. Similarly, state entities that are arms of the state are also not amenable to suit under the NJCRA because, only "a person acting under color of law," is a proper defendant under the NJCRA. N.J.S.A. § 10:6-2(c); see also Didiano v. Balicki, 488 F. App'x 634, 638-39 (3d Cir. 2012) (holding that the New Jersey Department of Corrections, ("NJDOC"), is not a person under the NJCRA and thus cannot be sued under the NJCRA and affirming grant of summary judgment on Section 1983 and NJCRA claims in favor of NJDOC and NJDOC official sued in official capacity).

Here, Plaintiffs' Complaint must be dismissed as Plaintiffs' have failed to state a cognizable claim under the NJCRA. As discussed above, Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity, and Plaintiffs' Complaint must be dismissed with prejudice as it is barred by the Eleventh Amendment. Additionally, Defendants State of New Jersey

and NJMVC are not "persons" amenable to suit under the NJCRA. As such, Plaintiffs' Complaint must be dismissed with prejudice as to Defendants State of New Jersey and NJMVC.

### POINT III

**PLAINTIFFS' COMPLAINT MUST BE DISMISSED WITH PREJUDICE AS TO DEFENDANTS STATE OF NEW JERSEY AND NJMVC AS PLAINTIFFS' COMPLAINT IS BARRED BY ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND FAILS TO STATE A CLAIM AGAINST DEFENDANTS STATE OF NEW JERSEY AND NJMVC UNDER THE NEW JERSEY TORT CLAIMS ACT.**

Insofar as Count Four of Plaintiffs' Complaint attempts to allege a claim against Defendants State of New Jersey and NJMVC for negligence under the New Jersey Tort Claims Act, the Plaintiffs' Complaint must be dismissed with prejudice as Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity, and as Plaintiffs' Complaint fails to state a claim against Defendants State of New Jersey and NJMVC under the New Jersey Tort Claims Act. As discussed more fully above, under the Eleventh Amendment a State is not subject to suit in federal Court unless the State consents to suit, or unless Congress has expressly abrogated the immunity pursuant to its constitutional grant of authority under the Fourteenth Amendment. See Edelman v. Jordan, 415 U.S. 651, 653 (1974). States may waive immunity by unequivocally expressing consent to suit in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

Even where the State has consented to suit in its own courts, such as in the New Jersey Tort Claims Act, in order to be subject to suit in federal court the State must unequivocally say so. See Florida Dep't of Health v. Florida Nursing Home Ass'n, 450 U.S. 147, 150 (1981) (per curiam). Notably, the Tort Claims Act, which allows suits against public entities and their employees in state courts, does not expressly consent to suit in federal courts and thus is not an Eleventh Amendment waiver. Hyatt v. Cnty. of Passaic, 340 F. App'x 833, 837 (3d Cir. 2009); N.J.S.A. 59:2-2(a); see also Penny v. Borough of Wildwood Crest, 28 Fed. Appx. 137, 138 (3d Cir. 2002) (New Jersey has not unequivocally waived its sovereign immunity by enacting the New Jersey Tort Claims Act).

In the present case, insofar as Count Four of Plaintiffs' Complaint attempts to allege a claim for negligence under the Tort Claims Act, Plaintiffs' Complaint must be dismissed with prejudice, as Defendants State of New Jersey and NJMVC are entitled to Eleventh Amendment Sovereign Immunity. Pursuant to the Third Circuit Court's holding in Hyatt, although the Tort Claims Act permits suits against public entities under certain circumstances in state court, the State of New Jersey and its state agencies remain entitled to Sovereign Immunity from suit in federal court. As such, Defendants State of New Jersey and NJMVC are entitled to Sovereign Immunity and Count Four of Plaintiffs' Complaint alleging a claim for negligence under the Tort Claims Act, is barred by the

Eleventh Amendment. As such, Plaintiffs' Complaint must be dismissed with prejudice as to Defendants State of New Jersey and NJMVC.

Additionally, even assuming arguendo that Plaintiffs' Complaint was not barred by Eleventh Amendment Sovereign Immunity, Plaintiffs' Complaint fails to state a claim under the Tort Claims Act and must be dismissed, as Defendants State of New Jersey and NJMVC cannot be liable under N.J.S.A. 59:2-2. Pursuant to N.J.S.A. 59:2-2(a), a public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances. N.J.S.A. 59:2-2(a).

Under the Tort Claims Act, the State is liable only for the acts and omissions of State employees, and not employees of other public or private entities. N.J.S.A. 59:1-3; N.J.S.A. 59:8-2; N.J.S.A. 59:10-4; Wright v. State, 169 N.J. 422, 451 (2001). As any liability under N.J.S.A. 59:2-2(a) arises under a theory of *respondeat superior*, an individual state employee must be charged with a breach of duty in order to implicate a public entity employer. See Myers v. Medford Lakes Bd. of Educ., 199 N.J. Super. 511, 515-16 (App. Div. 1985).

Here, Defendants State of New Jersey and NJMVC cannot be liable under N.J.S.A. 59:2-2(a), because Plaintiffs' Complaint fails to contain factual allegations regarding the acts or

14

omissions of any individual state employee as required under N.J.S.A. 59:2-2(a). Moreover, Plaintiffs' Complaint fails to allege that Plaintiffs' were owed a duty that was breached by an individual state employee. As such, Count Four of Plaintiffs' Complaint fails to state a claim against Defendants State of New Jersey and NJMVC under the Tort Claims Act. Additionally, Plaintiffs' Complaint fails to allege that Plaintiffs complied with the notice requirements to bring a claim under the Tort Claims Act. See N.J.S.A. 59:8-8 (requiring a notice of claim containing specific information to be presented to the public entity no later than ninety days after the accrual of the alleged cause of action).

In sum, insofar as Count Four of Plaintiffs' Complaint attempts to assert a negligence claim against Defendants State of New Jersey and NJMVC under the New Jersey Tort Claims Act, Plaintiffs' claim is barred by Eleventh Amendment Sovereign Immunity. Additionally, even assuming arguendo that Plaintiffs' claim was not barred by Eleventh Amendment Sovereign Immunity, Plaintiffs' claim fails under the Tort Claims Act, as Defendants State of New Jersey and NJMVC cannot be held liable under N.J.S.A. 59:2-2(a).

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court dismiss the Plaintiffs' Complaint and any and all cross-claims against Defendants State of New Jersey and NJMVC with prejudice.

                        Respectfully submitted,

                        CHRISTOPHER S. PORRINO
                        ATTORNEY GENERAL OF NEW JERSEY

By:   *s/ Ashley L. Costello*
      Ashley L. Costello (107192015)
      Deputy Attorney General
      Attorney for Defendants,
        New Jersey Motor Vehicle Commission
        and State of New Jersey

DATE: September 19, 2016