**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FERRANTE, et al., | : | CIVIL ACTION NO. 16-3496 (MLC) |
| | : | |
| | : | **MEMORANDUM OPINION** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF MONMOUTH, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**COOPER, District Judge**

  This case arises out of the distribution of a pamphlet on heroin use to high school

students and their parents.  The Monmouth County Prosecutor's Office distributed the

pamphlet at various Monmouth County high schools, including at a forum held by

Manasquan High School.  (Dkt. 1-1 at 4–5.)[1]  Plaintiff Robert Ferrante's driver's license

photograph was used in the pamphlet under the caption "Faces of Heroin."  (Id. at 5.)  Robert

Ferrante alleges that he has never used heroin.  (Id.)

  Robert Ferrante and Doreen Ferrante ("Plaintiffs") filed suit, alleging federal and state

causes of action, against the State of New Jersey and the New Jersey Motor Vehicle

Commission ("State Defendants"), the County of Monmouth and the Monmouth County

Prosecutor's Office ("Monmouth County Defendants"), the Manasquan Board of Education

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by the designation of "dkt."  Pincites reference ECF pagination.

and Manasquan High School ("Manasquan Defendants"), and The Patch, an online news website.  (Dkt. 1-1.)  The State Defendants (dkt. 18) and the Manasquan Defendants (dkt. 7) have separately filed motions to dismiss.

The Court will resolve both motions together and without oral argument. See L.Civ.R. 78.1(b).

For the following reasons, the Court will: (1) grant the Manasquan Defendants' motion to dismiss with prejudice Count Two (the federal claim); (2) grant the State Defendants' motion to dismiss with prejudice Count Two, and deny without prejudice the State Defendants' motion to dismiss Counts One and Four (the state claims); and (3) issue an Order to Show Cause for the parties to address why the Court should not similarly dismiss with prejudice the federal claim against the remaining Defendants, and should not remand the remaining state law claims against all Defendants to the Superior Court of New Jersey, Monmouth County.

## BACKGROUND

The Complaint alleges that the Monmouth County Prosecutor's Office distributed a pamphlet on heroin use in Monmouth County to students and parents at Monmouth County high schools, including Manasquan High School in September 2013.  (Dkt. 1-1 at 4.)  The pamphlet was distributed at school meetings and also released on The Patch, an internet news website, by a press release from the Monmouth County Prosecutor's Office.  (Id. at 5.)

Plaintiff Robert Ferrante's driver's license photograph was used in the pamphlet as one of the "Faces of Heroin."  (Id.)  The press release also included the photograph.  (Id.)  The photograph was released by the New Jersey Motor Vehicle Commission without the

permission of Ferrante.  (Id.)  Ferrante has "never used or [been] associated with Heroin use."
(Id.)

As a result of the distribution of the photograph, Plaintiffs Robert Ferrante and Doreen
Ferrante "both sustained psychological damages."  (Id.)

Plaintiffs filed a complaint in the Superior Court of New Jersey, Monmouth County
against Monmouth County Defendants, Manasquan Defendants, State Defendants, the Patch,[2]
and various parties and individuals to be identified later.[3]  (Id. at 12.)

Plaintiffs made the following allegations.  Count One alleges that the Monmouth
County Defendants, Manasquan Defendants, State Defendants, and The Patch deprived
Plaintiff of state civil rights.  (Id. at 5–7.)  Count Two alleges that the Monmouth County
Defendants, Manasquan Defendants, State Defendants, and The Patch, through their actions
or omissions, violated Plaintiffs' federal civil rights in violation of 42 U.S.C. § 1983 by "(A)
[p]sychologically attacking the plaintiffs; (B) falsely accusing the plaintiff; [and] (C) treating
the plaintiff in a discriminatory manner."  (Id. at 7–8.)  Count Three alleges that the
Monmouth County Defendants were negligent in hiring and supervising employees who
released the photograph of Robert Ferrante.  (Id. at 8–9.)  Count Four alleges that the
Monmouth County Defendants, Manasquan Defendants, State Defendants, and The Patch

---

[2] It is unclear whether service of process has ever been executed with respect to Defendant The Patch.
No legal appearance has been entered for Defendant The Patch.  Plaintiffs did not file a Proof of
Service indicating that process had been served.  (Dkt. 1 at 5.)  The Court will issue an Order to Show
Cause for Plaintiffs to explain why all claims against Defendant The Patch should not be dismissed
without prejudice for failing to serve Defendant The Patch within ninety days of filing the Complaint.
See Fed. R. Civ. P. 4(m).

[3] Plaintiffs have not since named any other defendants.

were "negligent in attaining, releasing and using the photo of Plaintiff Robert Ferrante."  (Id. at 9–11.)

The State Defendants filed a notice of removal to the District of New Jersey pursuant to 28 U.S.C. § 1331.  (Dkt. 1.)  The Manasquan Defendants and Monmouth County Defendants filed written consents to the removal.  (Dkts. 1-6 and 1-7.)

The Manasquan Defendants filed a motion to dismiss in lieu of an answer seeking to dismiss Count Two, the federal Section 1983 claim against them.  (Dkt. 7.)  The State Defendants filed a motion to dismiss all claims against them (Counts One, Two, and Four). (Dkt. 18.)

## STANDARD OF REVIEW

### I.    Section 1983

A plaintiff may have a cause of action under Section 1983 for certain violations of constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

To state a claim for relief under Section 1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state

law.  See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011); see also

West v. Atkins, 487 U.S. 42, 48 (1988).

## II.      Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for

failure to state a claim upon which relief can be granted.  When evaluating a motion to

dismiss, a court must accept all factual allegations as true, construe the complaint in the

light most favorable to the plaintiff, and determine whether, under any reasonable reading

of the complaint, the plaintiff may be entitled to relief.  See Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009).  In other words, a complaint survives a motion to

dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief

that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating the sufficiency of a plaintiff's factual pleadings, a court must take

three steps:

> First, the court must take note of the elements a plaintiff must
> plead to state a claim. Second, the court should identify
> allegations that, because they are no more than conclusions, are
> not entitled to the assumption of truth.  Finally, where there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to
> an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citations and quotation
marks omitted).

However, "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions'

when deciding a motion to dismiss."  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.

2007) (quotation omitted).

## DISCUSSION

### I. Parties' Arguments

The Manasquan Defendants moved to dismiss the Section 1983 claim against them, Count Two, pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have not "offer[ed] a cogent theory of liability" under Section 1983 and have not specified any constitutional violations committed by Manasquan Defendants.  (Dkt. 7-1 at 4–5.)  The Plaintiffs opposed the motion to dismiss, arguing that they have sufficiently pleaded violations of the Fifth and Sixth Amendments.  (Dkt. 14 at 3–4.)  In a reply brief, the Manasquan Defendants argued that Plaintiffs failed to plead sufficient facts under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  (Dkt. 16 at 1–2.)

The State Defendants moved to dismiss all claims against them, Counts One, Two, and Four.  (Dkt. 18-2.)  They sought to dismiss all counts on the ground that the State Defendants are entitled to sovereign immunity under the Eleventh Amendment, and cannot be subject to suit in federal court.  (Dkt. 18-2 at 6–7, 11, 12–13.)  The State Defendants also argued that they are not "persons" within the meaning of Section 1983 or the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2(c).  (Dkt. 18-2 at 5–6, 8–9.)  The Section 1983 claim must also be dismissed, according to the State Defendants, because the Plaintiffs have only asserted "conclusory allegations" that their rights were violated and did not assert sufficient facts. (Dkt. 18-2 at 7–8.)  With respect to Count Four, the State Defendants argued that Plaintiffs failed to allege a claim under the New Jersey Tort Claims Act and that Plaintiffs failed to demonstrate compliance with the notice requirements of the Tort Claims Act.  (Dkt. 18-2 at

14–15.)  Plaintiffs have not submitted any opposition to the State Defendants' motion to dismiss.

## II.      Section 1983 Claims

### A.      Manasquan Defendants

Reading the pleadings in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to state a claim under Section 1983 against the Manasquan Defendants. In the Complaint, Plaintiffs failed to identify any constitutional or civil right violated by the Manasquan Defendants.  (Dkt. 1-1.)  In the response brief to the motion to dismiss, Plaintiffs merely quoted the Fifth and Sixth Amendments and asserted that Mr. Ferrante's "rights to be free of Criminal Accusation has been violated by referring to [him] as a Drug User and the 'Face of Heroin'" and that Mr. Ferrante "was accused of a crime without indictment and any due process."  (Dkt. 14 at 3–4.)

Plaintiffs allege that the Manasquan Defendants held a forum at Manasquan High School, at which the Monmouth County Prosecutor's Officer distributed a handout on heroin use in Monmouth County that contained a photograph of Mr. Ferrante.  (Dkt. 1-1 at 4–5.) Plaintiffs have not sufficiently pleaded how this action amounts to a violation of the Fifth and Sixth Amendments by the Manasquan Defendants.  Plaintiffs have done no more than state that the law has been violated.  Plaintiffs did not provide any detail as to how the Manasquan Defendants have violated their federal constitutional rights.  Nor did Plaintiffs cite any caselaw to advance their position.  Plaintiffs' bald assertions are not sufficient to survive a motion to dismiss.  See Sands, 502 F.3d at 268.

Plaintiffs essentially attempt to transform garden-variety state defamation claims—which are not cognizable under Section 1983, see Sturm v. Clark, 835 F.2d 1009, 1012 (3d Cir. 1987) ("Absent the alteration or extinguishment of a more tangible interest, injury to reputation is actionable only under state defamation law.")—into allegations of deprivations of Fifth and Sixth Amendments constitutional rights.

This Court concludes that Plaintiffs have not pleaded facts that support a federal claim against the Manasquan Defendants upon which relief may be granted. The Manasquan Defendants' motion to dismiss with prejudice the Section 1983 claims against them will be granted.

### B. State Defendants

The Court must first address the State Defendants' jurisdictional argument that the Eleventh Amendment bars suit against them in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (recognizing that Eleventh Amendment sovereign immunity acts as a "jurisdictional bar" to bringing suit against a state in federal court).

By voluntarily removing this action from New Jersey state court, the State waived its sovereign immunity from suit in federal court. See Lombardo v. Pennsylvania, 540 F.3d 190, 197 (3d Cir. Pa. 2008) ("When a State, facing suit in its own courts, purposefully requests a federal forum, it expresses a clear intent to waive immunity from suit."). The State Defendants' Eleventh Amendment argument must therefore be rejected. Though the State waived its claim of immunity from suit in federal court, the State Defendants retain any defenses they could have asserted in their own courts. See Davis v. Yates, No. 15-6943, 2016

WL 5508809, at *4 (D.N.J. Sept. 27, 2016) ("[M]oving defendants have not, by removing the case, waived their argument that they are not suable 'persons' under § 1983 and the NJCRA.").

The Court finds that Plaintiffs have failed to allege sufficient facts against the State Defendants that support a federal claim upon which relief may be granted.  Plaintiffs have not identified any specific constitutional or civil rights that the State Defendants have violated.  Plaintiffs did not assert a specific federal constitutional or civil right in the Complaint.  And Plaintiffs did not file an opposition to the State Defendants' motion to dismiss, as the Plaintiffs did against the Manasquan Defendants.

Even assuming that Plaintiffs have properly alleged that the State Defendants deprived them of the same constitutional rights (under the Fifth and Sixth Amendments) as alleged against the Manasquan Defendants, the Court finds that Plaintiffs have done no more than make bald assertions of deprivation of federal rights with respect to the State Defendants as well.  See Sands, 502 F.3d at 268.  The Court will grant the State's motion to dismiss Count Two, the Section 1983 claim, with prejudice.

## III.     State Law Causes of Action

The State Defendants have also moved to dismiss Counts One and Four, which allege claims based upon state law.  The Manasquan Defendants have not moved to dismiss any of the state claims against them.  The Monmouth County Defendants have not filed an answer or otherwise made any motion to dismiss either the federal or state claims against them.

Upon dismissal of the federal claims against the Manasquan Defendants and the State Defendants, the sole remaining claim based upon federal law is the Section 1983 allegations against the Monmouth County Defendants and The Patch.  The other remaining claims all arise under state causes of action.

The Court is mindful of the fact that federal subject matter jurisdiction remains solely because of the Section 1983 claim against the Monmouth County Defendants and The Patch.  But identical claims are now being dismissed with prejudice against the Manasquan Defendants and the State Defendants.  And no other federal claim exists against any of the defendants.

Before proceeding with any of these remaining claims, including the State's motion to dismiss the state law causes of action, the Court must ensure that a viable federal claim still exists and that subject matter jurisdiction properly remains in federal court.  The Court will thus issue an Order to Show Cause for the parties to address:

(1) Why the Monmouth County Defendants and The Patch are not similarly situated as the Manasquan Defendants and the State Defendants, and the Court should not also dismiss with prejudice the Section 1983 claim against the remaining Defendants for failure to state a claim; and

(2) If the sole remaining federal claim is dismissed as to the Monmouth County Defendants and the Patch, why the Court should not decline to exercise supplemental jurisdiction over the state claims, 28 U.S.C. § 1367, and remand the matter back to the Superior Court of New Jersey, Monmouth County.  See Carnegie-Mellon Univ. v. Cohill,

484 U.S. 343 (1988); Hudson United Bank v. Litenda Mortg. Corp., 142 F.3d 151 (3d Cir. 1998).

For now, the Court will deny without prejudice the State Defendants' motion to dismiss the state law claims against them (Counts One and Four).

## CONCLUSION

For the reasons stated above, the Court will (1) grant the Manasquan Defendants' motion to dismiss with prejudice Count Two; (2) grant the State Defendants' motion to dismiss with prejudice Count Two; and (3) deny, without prejudice, the State Defendants' motion to dismiss Counts One and Four.  The Court will issue appropriate Orders.

The Court will also issue an Order to Show Cause for the reasons stated above.


         s/ Mary L. Cooper

**MARY L. COOPER**
United States District Judge



**Dated:**  October 25, 2016

11