**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FERRANTE, et al., | : | CIVIL ACTION NO. 16-3496 (MLC) |
| | : | |
| | : | **MEMORANDUM OPINION** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF MONMOUTH, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**COOPER, District Judge**

Plaintiffs allege that the Monmouth County Prosecutor's Office distributed a pamphlet on heroin use to students and parents at Monmouth County high schools, including Manasquan High School, in September 2013. (Dkt. 1-1 at 4.)[1] According to the Complaint, the pamphlet was distributed at school meetings and also released on The Patch, an internet news website, by a press release from the Monmouth County Prosecutor's Office. (Id. at 5.) Plaintiff Robert Ferrante's driver's license photograph was used in the pamphlet as one of the "Faces of Heroin." (Id.) The press release also included the photograph. (Id.) The photograph was released by the New Jersey Motor Vehicle Commission without the permission of Ferrante. (Id.) Ferrante has "never used or [been] associated with Heroin use."

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by the designation of "dkt." Pincites reference ECF pagination.

(Id.)  As a result of the distribution of the photograph, Plaintiffs Robert Ferrante and Doreen Ferrante claim to have sustained psychological damages.  (Id.)

Plaintiffs filed a complaint in the Superior Court of New Jersey, Monmouth County against the State of New Jersey and the New Jersey Motor Vehicle Commission ("State Defendants"), the County of Monmouth and the Monmouth County Prosecutor's Office ("Monmouth County Defendants"), the Manasquan Board of Education and Manasquan High School ("Manasquan Defendants"), The Patch, an online news website, and various parties and individuals to be identified later.  (Id. at 12.)  The matter was removed to this Court. (Dkt. 1.)

Plaintiffs alleged in Count Two that the Monmouth County Defendants, Manasquan Defendants, State Defendants, and The Patch, through their actions or omissions, violated Plaintiffs' federal civil rights in violation of 42 U.S.C. § 1983 by "(A) [p]sychologically attacking the plaintiffs; (B) falsely accusing the plaintiff; [and] (C) treating the plaintiff in a discriminatory manner."  (Dkt. 1-1 at 7–8.)[2]

The Court dismissed Plaintiffs' Section 1983 claims against both the Manasquan Defendants and the State Defendants with prejudice.  (Dkt. 22 at 7–9; dkt. 23; dkt. 24.)  At that time, the Monmouth County Defendants had not filed an Answer or a Motion to Dismiss.

In conjunction with the opinion, the Court issued an order to Show Cause for the parties to address "why Count Two ('Violation of Plaintiff's Civil Rights as Protected under

---

[2] The other counts from the Complaint were not part of the Order to Show Cause, and will not be discussed in this opinion.  These counts were summarized in the Court's prior opinion.  (Dkt. 22 at 3–4, 9–10.)

the U.S. Constitution') against County of Monmouth, Monmouth County Prosecutor's Office, and The Patch should not be dismissed with prejudice for failure to state a claim." (Dkt. 21; dkt. 22 at 10–11.)

Plaintiffs neither responded to this Court's Order to Show Cause, nor filed a reply to the responses of the Manasquan Defendants (dkt. 25), the Monmouth County Defendants (dkt. 26), or the State Defendants (dkt. 27).

For the following reasons, this Court will dismiss Plaintiffs' federal claim, Count Two, against the Monmouth County Defendants with prejudice.

Plaintiffs have not provided this Court with any justification as to why the federal Section 1983 claim against Monmouth County should not also be dismissed, as the federal claims against the State Defendants and the Manasquan Defendants were.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief may be granted. When evaluating a motion to dismiss, a court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating the sufficiency of a plaintiff's factual pleadings, a court must take three steps:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citations and quotation marks omitted).

However, "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (quotation omitted).

To state a claim for relief under Section 1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011); see also West v. Atkins, 487 U.S. 42, 48 (1988).

At no point have Plaintiffs identified any specific constitutional or civil rights that the Monmouth County Defendants have violated. Plaintiffs did not assert a specific federal constitutional or civil right in the Complaint or in response to this Court's Order to Show Cause. The Court finds that Plaintiffs have failed to allege sufficient facts against the State Defendants that support a federal claim upon which relief may be granted. Even if Plaintiffs had alleged that the Monmouth County Defendants deprived them of their constitutional rights under the Fifth and Sixth Amendments, as they did against the Manasquan Defendants

(see dkt. 22 at 7–8), the Court finds that those bald assertions would be insufficient here as well.  See Sands, 502 F.3d at 268.

   For the reasons outlined above, and for the reasons expressed in the Court's prior opinion, the Court will dismiss Count Two, the Section 1983 claim against the Monmouth County Defendants, with prejudice.

   The Court will issue an appropriate Order.


   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


**Dated:**  November 21, 2016