UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FERRANTE, et al., | : | CIVIL ACTION NO. 16-3496 (MLC) |
| Plaintiffs, | : : : : | **O P I N I O N** |
| v. | : : | |
| COUNTY OF MONMOUTH, et al., | : : | |
| Defendants. | : : | |

**THE PLAINTIFFS** brought this action in the Superior Court of New Jersey, Monmouth County, alleging federal and state causes of action against the State of New Jersey and the New Jersey Motor Vehicle Commission ("State Defendants"), the County of Monmouth and the Monmouth County Prosecutor's Office ("Monmouth County Defendants"), the Manasquan Board of Education and Manasquan High School ("Manasquan Defendants"), and The Patch, an online news website.  (Dkt. 1-1.)  The action was removed to this Court pursuant to 28 U.S.C. § 1331.  (Dkt. 1.)

**THE COURT** has dismissed the sole federal cause of action against the Mansquan County Defendants (dkt. 23); the Monmouth County Defendants (dkt. 31), and the State Defendants (dkt. 24) with prejudice for failing to state a claim upon which relief can be granted.  The Court has dismissed without prejudice the Complaint against Defendant The Patch because Plaintiffs failed to serve The Patch within ninety days of filing the Complaint as required by Federal Rule of Civil Procedure 4(m).  (Dkt. 29.)  No questions of federal law remain in this matter.

**THE COURT** ordered the parties to show cause to explain whether if all federal claims were dismissed, why the Court "should not decline to exercise supplemental jurisdiction over the remaining state law claims and should not remand the matter to the Superior Court of New Jersey, Monmouth County." (Dkt. 21; dkt. 22 at 10–11.)

**THE PLAINTIFFS** have not responded to the Court's Order to Show Cause and have not voiced any objection to such a remand. The Monmouth County Defendants (dkt. 26) and the State Defendants (dkt. 27) asked the Court to not remand the matter. The Manasquan Defendants (dkt. 25) did not oppose the Court exercising discretion and remanding the matter.

**THE COURT** has previously expressed concern that the remaining causes of action all rise under state law. (Dkt. 22 at 9–10.) A district court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) when the court no longer has original jurisdiction over the matter and only state law claims remain. Byrd v. Shannon, 715 F.3d 117, 128 (3d Cir. 2013); Hudson United Bank v. Litenda Mortg. Corp., 142 F.3d 151, 158 (3d Cir. 1998).

**THE COURT** intends to invoke its discretionary authority and decline to exercise supplemental jurisdiction over the state law causes of action because no federal claim remains for this Court to resolve. The state law claims, particularly the theories of negligence, are best left to the expertise of the Superior Court of New Jersey.

**THE COURT** will remand all remaining state law claims to the Superior Court of New Jersey, Monmouth County. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635 (2009); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).

For good cause appearing, the Court will enter an appropriate Order and Judgment.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   November 21, 2016